```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

JUSTIN J. GUMBS,                    1:20-cv-0742 (NLH)

                                                     **MEMORANDUM OPINION & ORDER**

    v.

STATE OF NEW JERSEY,

**APPEARANCES**:

Justin J. Gumbs
49309-048
5756 Heartford Road
Building 5802, Room 136
JBMDL, NJ 08640-090200

**HILLMAN, District Judge**

    WHEREAS, Petitioner Justin Gumbs, a federal prisoner incarcerated at FCI Fort Dix, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that the Bureau of Prisons failed to apply the First Step Act to his sentence, see ECF No. 1; and

    WHEREAS, Petitioner names the State of New Jersey as respondent.  Petitions under § 2241 need to be filed in the district of confinement naming the inmate's immediate custodian as respondent, Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).  FCI Fort Dix is a federal facility operated by the Federal Bureau of Prisons in New Jersey.  Therefore, the petition is

properly filed in this Court, but it must name the Warden of FCI Fort Dix as respondent. The Court will instruct the Clerk to substitute the Warden of FCI Fort Dix as respondent; and

WHEREAS, Petitioner also moves for the appointment of counsel. ECF No. 4. There is no right to counsel in post-conviction proceedings. See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), superseded on other grounds by statute, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require . . . ."; and

WHEREAS, in Reese, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." Reese, 946 F.2d at 263-64; and

WHEREAS, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has screened the Petition for dismissal and determined that dismissal without an answer and production of the record is not

warranted; and

    WHEREAS, the Court finds it is not in the interests of justice to appoint counsel at this time because the issues involved in this case do not appear to be overly complex,

    THEREFORE, IT IS on this <u>  8th  </u> day of <u>September</u>, 2020

    ORDERED that the Clerk shall substitute "Warden FCI Fort Dix" as the Respondent; and it is further

    ORDERED that the Clerk shall serve a copy of the Petition, ECF No. 1 and this Order upon Respondent by regular mail, with all costs of service advanced by the United States; and it is further

    ORDERED that the Clerk shall forward a copy of the Petition, supplemental brief, and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address:  USANJ-HabeasCases@usdoj.gov; and it is further

    ORDERED that, where the Petition appears to be beyond the jurisdiction of the Court, within forty-five (45) days of the date this Order is filed, Respondent may file a Motion to Dismiss the Petition on jurisdiction grounds only; and it is further

    ORDERED that, if a Motion to Dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for jurisdiction, and to which Petitioner may attach any relevant exhibits; and it is

further

ORDERED that, if Petitioner files an opposition, Respondent shall have ten (10) days to file a reply brief; and it is further

ORDERED that, if the Motion to Dismiss is subsequently denied, the Court will then direct Respondent to file a full and complete answer to all claims; and it is further

ORDERED that if Respondent does not file a Motion to Dismiss the Petition, the Respondent shall file a full and complete answer to all claims asserted in the Petition within forty-five (45) days of the entry of this Order; and it is further

ORDERED that Respondent shall file and serve with the answer certified copies of all documents necessary to resolve Petitioner's claims and affirmative defenses; and it is further

ORDERED that within thirty (30) days of receipt of the answer, Petitioner may file a reply to the answer; and it is further

ORDERED that any request to deviate from this Order to Answer shall be made by motion; and it is further

ORDERED that within seven (7) days of Petitioner's release, be it parole or otherwise, Respondent shall electronically file a written notice of the same with the Clerk; and it is further

ORDERED that the motion to appoint counsel, ECF No. 4, is

denied without prejudice; and it is finally

    ORDERED that the Clerk shall send a copy of this Order to Petitioner by regular mail.

At Camden, New Jersey

        s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.